## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MARY B. BISSELLE ET AL.,          ) <br><br> Plaintiffs,   ) <br><br> v.   ) <br><br> ) <br><br> NEWHALL DISCOUNT FUTURES <br> & OPTIONS, INC., ET AL.,   ) <br><br> Defendants.   ) | Civil Action No. <br> PJM00CV339 |

## REVISED ORDER AND FINAL JUDGMENT

A hearing having been held before this Court, on September 30, 2002, to determine: (1) whether to certify this action as a class action for settlement purposes; (2) whether the terms and conditions of the Stipulations and Agreements of Settlement, dated July 19, 2001, and July 25, 2001, (the "Stipulations") are fair, reasonable and adequate for the settlement of all claims asserted by the Class against the Defendants in the complaint now pending in this Court under the above caption, including the release of the Defendants, and should be finally approved; (3) whether judgment should be entered dismissing the complaint on the merits and with prejudice in favor of the Defendants and as against all person or entities who are members of the Class herein who have not requested exclusion therefrom; (4) whether to approve the Plan of Allocation as a fair and reasonable method to allocate the settlement proceeds among members of the Class; and (5) whether and in what amount to award Plaintiffs' Counsel reimbursement of expenses. The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by

the Court was mailed to all persons reasonably identifiable who delivered money for

investment to Peter J. Berzins ("Berzins"), directly or indirectly through any accounts or other

devices opened, owned or controlled by him, during the period from January 1, 1996 through

and including March 31, 1998, excluding Berzins himself, all persons related to Berzins by

blood or marriage, all persons who received payment from Berzins equal to or exceeding the

amount of the person's investment with him, and all persons who (a) participated in the

activity described in the Amended Complaint, and (b) who either (i) acted with intent to

defraud others or (ii) acted with knowledge that Berzins was engaging in fraud;[1] and the Court

having considered and determined the fairness and reasonableness of the award of attorneys'

expenses requested; and all capitalized terms used herein having the meanings set forth and

defined in the Settlement Stipulations.

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      The Court has jurisdiction over the subject matter of the Litigation, the

Plaintiffs, all Class Members and the Defendants.

2.      The Court finds the prerequisites to a class action under FRCP 23(a) and (b)(3)

have been satisfied in that: (i) the number of Class Members is so numerous that joinder of all

members thereof is impracticable; (ii) there are questions of law and fact common to the Class;

(iii) the claims of the Class Representatives are typical of the claims of the Class they seek to

represent; (iv) the Class Representatives have and will fairly and adequately represent the

interests of the Class; (v) the questions of law and fact common to the members of the Class

predominate over any questions affecting only individual members of the Class; and (vi) a

class action is superior to other available methods for the fair and efficient adjudication of the

---

[1] Nothing herein shall be deemed to constitute an admission, on the part of First American Discount Corporation,

controversy.

3.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this action as a class action on behalf of a Class and Subclass as defined herein. The Class consists of all persons who delivered money for investment to Peter J. Berzins ("Berzins"), directly or indirectly through any accounts or other devices opened, owned or controlled by him, during the period from January 1, 1996 through and including March 31, 1998. The Subclass consists of all persons who satisfy the requirements for membership in the Class, had conversation(s) directly with Matthew Bowyer of Newhall Discount Futures & Options, Inc., received affirmative representations from him about the successful trading practices of Peter Berzins, and relied upon such misrepresentations to invest any monies with Peter Berzins. Excluded from the Class and Subclass are Berzins himself, all persons related to Berzins by blood or marriage, all persons who received payment from Berzins equal to or exceeding the amount of the person's investment with him, and all persons who (a) participated in the activity described in the Amended Complaint, and (b) who either (i) acted with intent to defraud others or (ii) acted with knowledge that Berzins was engaging in fraud. Furthermore, excluded from the Class and Subclass are Defendants, members of their immediate families and their legal representatives, heirs, successors or assigns and any entity in which Defendants have or had a controlling interest. No persons or entities requested exclusion from the Class.

4.      The Settlement Stipulations are approved as fair, reasonable and adequate, and in the best interests of the Class, and the Class Members and the Parties are directed to consummate the Settlement Stipulations in accordance with their terms and provisions.

---

Newhall Discount Futures & Options or Matthew Raymond Bowyer that Berzins engaged in fraud.

5.     The Complaint, which the Court finds was filed on a good faith basis in accordance with the Private Securities Litigation Reform Act and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed with prejudice and without costs, except as provided in the Stipulations, as against any and all of the Defendants and their current or former directors, officers, employees, attorneys, accountants, agents, insurers, co-insurers and reinsurers.

6.     Members of the Class and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any and all claims, rights or causes of action or liabilities whatsoever, whether based on federal, state, local, statutory or common law or any other law, rule or regulation, including both known claims and Unknown Claims, that have been or could have been asserted in any forum by the Class Members or any of them against any of the Defendants which arise out of the delivery of money for investment to Berzins, directly or indirectly through any accounts or other devices opened, owned or controlled by him, during the period from January 1, 1996 through and including March 31, 1998, (the "Settled Claims") against any and all of the Defendants and their current and former directors, officers, employees, attorneys, accountants, agents, insurers, co-insurers, and reinsurers (the parties released in the Settlement Stipulations). The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Defendants on the merits and with prejudice by virtue of the proceedings herein and the Order and Final Judgment.

7.     The Defendants and the successors and assigns of any of them, are hereby permanently barred and enjoined from instituting, commencing or prosecuting, either directly or in any other capacity, any Settled Defendants' Claims against any of the Plaintiffs, Class

Members or their attorneys. The Settled Defendants' Claims are hereby compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Order and Final Judgment.

8.      Neither the Settlement Stipulations, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein shall be:

a.      offered or received against the Defendants as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of the truth of any fact alleged by Plaintiffs or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of Defendants;

b.      offered or received against the Defendants as evidence of a presumption, concession or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to these Stipulations, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of these Stipulations; provided, however, that if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder;

c.      construed against the Defendants or the Plaintiffs and the Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; or

d.      construed as or received in evidence as an admission, concession or

presumption against Plaintiffs or the Class or any of them that any of their claims are without merit or that damages recovered under the Complaint would not have exceeded the Settlement Fund.

9.     The Court reserves judgment as to the fairness and reasonableness of the Plan of Allocation pending further submissions by Class Counsel and counsel for Mary Beth Bisselle ("Bisselle Counsel"), with respect to the claims of Virgil Hibner and Joel Rossen. Class Counsel is directed to arrange a telephone conference between Class Counsel, Bisselle Counsel and Messrs. Hibner and Rossen by October 11, 2002.  Class Counsel is further directed to submit a memorandum setting forth Class Counsel's position with respect to the claims of Messrs. Hibner and Rossen by October 11, 2002.  Bisselle Counsel shall file a response to this memorandum by October 21, 2002.  Class Counsel shall file a reply to Bisselle Counsel's response by October 31, 2002.

10.     The Court finds that all parties and their counsel have complied with each requirement of Rule 11(b) of the Federal Rules of Civil Procedure as to the Complaint and all other pleadings filed subsequent thereto.

11.     Plaintiffs' Counsel have waived their fees in this case.  Upon review of the Affidavit of Burton H. Finkelstein in Support of the Application of Finkelstein, Thompson & Loughran for Reimbursement of Expenses, Plaintiffs' Counsel are hereby awarded $25,000.00, in reimbursement of expenses which shall be paid to Plaintiffs' Counsel from the Settlement Fund with interest from the date such Settlement Fund was funded to the date of payment at the same rate that the Settlement Amount earns.

12.     Exclusive jurisdiction is hereby retained over the Parties and the Class Members for all matters relating to this litigation, including the administration, interpretation,

effectuation or enforcement of the Settlement Stipulations and this Order and Final Judgment, and including any application for fees and expenses incurred in connection with administering and distributing the settlement proceeds to the members of the Class. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Stipulations.

Dated: _Oct 8_, 2002

_____
The Honorable Peter J. Messitte